## City of Aledo v. Elizabeth A. Honeyman.

1. PRACTICE—*Insufficient Objection to Question.*—The simple objection to a lengthy hypothetical question that "The elements are not in the evidence on which the hypothetical question is based," is insufficient where counsel does not point out what elements of the question are unfounded.

2. INSTRUCTIONS—*That a City is Bound to Use Reasonable Care to Keep Its Sidewalks " in Good and Reasonably Safe Condition."*—An instruction that the city is bound to use reasonable care to keep its sidewalks in good and reasonably safe condition for foot passengers using due care for their own safety is not misleading when, by other instructions, the jury are informed that all the law requires of a city is that it exercise reasonable care to keep its sidewalks in a reasonably safe condition for travel.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Mercer County; the Hon. WILLIAM H. GEST, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

MCARTHUR & COOKE, attorneys for appellant.

WOOD & ELMER and BASSETT & BASSETT, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
On August 3, 1901, Mrs. Elizabeth A. Honeyman and

her husband, residents of New Boston, in Mercer county, were passing along a sidewalk on Walnut street in the city of Aledo in said county. Mr. Honeyman stepped upon one end of a board in the walk and the other end raised up and Mrs. Honeyman caught her foot under it, and was thrown down and received injuries. She brought this suit against the city to recover damages for the injuries she sustained from the fall, and alleged that the sidewalk was decayed, defective and out of repair, of which the city had notice. Upon a trial she had a verdict for $1,200 and a judgment thereon, from which defendant prosecutes this appeal.

There was evidence tending to show that the sidewalk was in very bad repair; that the stringers were rotten and would not hold the nails driven in the boards of the walk in efforts by the city to repair, and that it had been in that condition a long time. There was other evidence tending to show that the walk was in good repair. There was proof that Mrs. Honeyman dislocated one finger and seriously injured her spine. There was other evidence tending to show her spine was not affected, and that she was a feeble and sickly woman and if she had spinal trouble it might be due to other causes. The argument of defendant is chiefly devoted to these subjects. These were questions of fact and there was ample proof to sustain a verdict for plaintiff, and the state of the proof would not justify us in setting aside the conclusions of the jury upon the facts. If plaintiff's spine was injured by the fall, the verdict is not excessive.

Complaint is made that the court overruled an objection interposed by defendant to a hypothetical question put by plaintiff to a physician who was testifying as an expert. The objection made to the interrogatory in question was only, " We renew the objection." This referred to a previous objection by defendant to a question which was then withdrawn. That objection was, " The elements are not in the evidence on which the hypothetical question is based." Counsel did not point out what elements of the question were unfounded. The attention of the trial judge and

opposite counsel should have been called specifically to the supposed variance between the hypothetical question and the actual state of the proof, both to save the court the trouble of comparing the lengthy question with the proof in an effort to discover to what difference the objection referred, and also to give the opposite party an opportunity to amend the question. (Catlin v. Traders Ins. Co., 83 Ill. App. 40; Grand Lodge v. Wieting, 68 Ill. App. 125.) The objection was insufficient. A like question put to another physician was met only by " we object." It is also argued the court erred in permitting certain witnesses for plaintiff to testify to the condition of the walk in question three or four days after plaintiff was injured. It was shown there had been no change in the walk during that brief period. This proof showed the stringers were rotten, and that was a condition which could not have been produced in three or four days.

It is argued the first instruction given at plaintiff's request was incorrect in saying the city.was bound to use reasonable care to keep its sidewalks "in good and reasonably safe condition " for foot passengers using due care for their own safety. The objection is to the use of the word " good." While we do not approve the unnecessary insertion of that word in a well-settled legal proposition, yet we think the jury in this case must have understood " good condition " and " reasonably safe condition " as but different expressions of the same thing, for by other instructions the jury were informed that all the law requires of a city is that it exercise reasonable care to keep its sidewalks in a reasonably safe condition for travel. Even if there were any danger the jury might have misconceived the meaning of the word " good " in the first instruction, defendant assisted in inducing the court to give it by asking and obtaining an instruction which used the terms " sound and sufficient " in connection with the duty of the city as to its sidewalk. After inducing the court to employ these terms it can not complain of the word " good." Plaintiff's fourth instruction said the burden of proof was on plaintiff and

she was required to prove her case by a preponderance of the evidence, but that the degree of preponderance was not material. Objection is made to the last clause. No more than a preponderance of the proof is required to justify a verdict for plaintiff in an ordinary civil action. The thirteenth instruction requested by defendant was properly refused because it stated the duty of a person passing over a sidewalk who knows it is in an unsafe or dangerous condition, while there was no proof that plaintiff, who lived in another village, had any knowledge of the condition of this walk. Those refused instructions which stated correct rules of law applicable to the proofs were embodied in the given instructions.

The judgment is affirmed.