THE RIVERTON COAL COMPANY *v.* JOHN E. SHEPHERD
and
SAME *v.* CHARLES L. SHEPHERD.

*Opinion filed February 17, 1904.*

1. EVIDENCE—*objection to hypothetical question should be specific.* An objection to a hypothetical question upon the ground that it does not contain all of the elements should specifically point out the elements alleged to be omitted.

2. SAME—*correct practice with respect to hypothetical questions.* If counsel is of the opinion his opponent's hypothetical question has omitted material facts which the evidence tends to show, he should, on cross-examination, obtain an opinion of the witness upon a hypothetical question embodying such facts.

3. MINES—*what sufficient notice to company of bad condition of mine.* Notice from employees to the mine manager and fire-boss of the bad condition of the mine, and to other officials of the company from the State mine inspector of such condition, is sufficient notice to the company, and the latter cannot escape liability by reason of the fact that it employed a competent mine examiner, who was not shown to have been guilty of willful violation of the statute.

4. SAME—*contributory negligence is no defense to a willful violation of statute.* Contributory negligence of miners is no defense to an action arising from injuries caused by a willful violation by the defendant of the provisions of the statute relating to precautions to be taken for the safety of miners.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding.

CONKLING & IRWIN, and J. C. MCBRIDE, for appellant.

ROBERT H. PATTON, and JAMES E. DOWLING, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This appeal is from a judgment of the Appellate Court for the Third District affirming two judgments rendered in the circuit court of Sangamon county, one in favor of the appellee John E. Shepherd for $5000, and another

in favor of his son, Charles L. Shepherd, for $1500, both against the appellant, the Riverton Coal Company. The suits were for personal injuries growing out of the same accident and are similar in all respects. By agreement of parties they were tried in the circuit court as one case, and are submitted here, as they were in the Appellate Court, upon one set of abstracts, briefs and arguments.

There are four counts in the declaration. The first alleges that on March 18, 1902, the appellant negligently permitted gas to accumulate in the mine, and on account of the lack of air and presence of dust the explosion resulted. The second count alleges that the appellant willfully failed and neglected to have the galleries, roadways and entries in said mine thoroughly sprinkled or cleaned, and that by reason of such failure the said galleries, entries and roadways were so dry that the air became charged with dust, and this, together with the gases accumulated, caused said explosion. The third count alleges five violations of the statute, as follows: First, that appellant did not always maintain sufficient currents of fresh air; second, that appellant did not force currents of fresh air into every working place, thus permitting the accumulation of standing smoke and impure air; third, that appellant did not split or subdivide the main current so as to give a separate current of pure air to every one hundred men; fourth, that appellant did not have a certain permanent door so hung as to close automatically, and that at the junction of a certain cross-cut and the south-east entry west, the door was made of cloth, and on the day of the accident, and some time prior thereto, this cloth had been so torn that it did not perform its functions as a door; fifth, that appellant did not have an attendant at certain principal doorways, and that because of the condition of the air and gases in said entry the explosion occurred. The fourth count alleges that appellant willfully failed and neglected to thoroughly examine said mine as to air currents, gases, .

etc. The plea was not guilty and the trial by jury. The circuit court refused proper requests to instruct the jury to find for the defendant as to each count of the declaration. That refusal, with other errors assigned, is urged as ground of reversal.

Briefly, the circumstances attending the injury were as follows: Plaintiffs below were mining coal in defendant's mine, working in a certain room, and on the 18th day of March, 1902, placed two shots, as it is termed, in that room,—one west of the center and in the face of the room, and the other in the north-west corner. When they lighted the shots they ran out of the room to a point in the center of the entry about eighteen feet west of the center of the mouth of the room. One of the shots, as it went off, threw out a large flame, which ran into the entry where they were and burned them. That shot also threw out a large amount of gas which was not consumed, and as it was followed almost immediately by the second shot, that gas, being hot, was ignited and they were again burned by the flames, both being severely burned upon their hands and faces. The evidence tends to show that in the preparation of the shots, firing them and running into the entry they exercised reasonable care and skill.

It is first claimed that the trial court erred in permitting Otto Wenneborg to answer a hypothetical question put to him. This question is quite lengthy and includes the elements upon which appellees base their case, and from these elements the witness was asked his opinion as to the cause of the explosion. It is claimed that this question assumes that there was coal dust circulating in the air, and does not contain all of the elements necessary to a proper answer to the question. An examination of the record shows that the objection as made was not specific and did not point out the elements alleged to have been omitted. It was certainly not the duty of the trial court to go through the record to ascertain

whether all of the elements were included in the question, and it was the duty of the appellant to call the specific attention of the court to the admission, and failing to do so it certainly has no cause of complaint in this court. An examination of the evidence, however, shows that the question as asked was in substantial accord with the evidence. If counsel for the defendant claimed that other material facts should have been included in the hypothesis, they had a right, on cross-examination, to take the opinion of the witness upon their version of the testimony. On the objection made the court did not err in its ruling upon the question.

We are also of the opinion that the court properly refused to instruct the jury to find for the defendant, there being at least some competent evidence fairly tending to support the several counts of plaintiffs' declaration. Witnesses testified that the curtain across the cross-cut, mentioned in the declaration, had been torn for three or four weeks and was in that condition on the date of the accident; that the mine manager and fire-boss had been notified of that fact, and also that the air was bad in the mine by reason of that condition, and were asked to remedy it; that the manager replied that he would do so as soon as he could get the hole in the curtain fixed, or words to that effect, and the fire-boss replied that he had done all he could, and that he had reported it. One of the witnesses asked the fire-boss if he had made this report in the book, to which he replied that he had not, but that he had reported it to the manager, Marsh. Several witnesses testified that the air was bad in the rooms, and that the lamps burned very low during the day and charred the wicks, which was an indication of the presence of gas, called "black damp." Others testified that every time the drivers came in with a car the mules would kick up a dust and it would rise very thick; that the dust in the back entry was at least one inch or more thick, and was composed of fire-clay and coal, which

dust had accumulated from the tramping of the mules' feet and the travel in the entry. Witnesses also testified that they had notified the fire-boss and the mine manager of this condition and asked them to sprinkle the entry, and that it was not done because, as was claimed, the water tank was too high for the entry and they could not go down the entry with the tank. This testimony certainly tended to show that the mine was rendered unsafe through the negligence of defendant's employees, and while much of it was contradicted by witnesses for the defendant, it cannot be said that there is a want of evidence to support the plaintiffs' cause of action.

But it is said that notice to the mine manager and fire-boss does not constitute notice to the defendant, and that having employed a competent mine examiner, who was not shown to have been guilty of willfully violating the statute, it cannot be held liable, and that the appellees, who knew of the condition, were guilty of such contributory negligence as should preclude their right of recovery. With this position we cannot agree. The State mine examiner testified that he visited the mine on January 16, 1902, and then ordered the company's officials to remove the dust from the entry-ways, to sprinkle the roads and put up the canvas sheet. We are unable to see what further evidence of notice to the company could have been given than through this mine manager and other officials. As to the plaintiffs below being themselves guilty of negligence, it need only be said that even if it were true that they did not exercise due care for their own safety, still, if the evidence fairly tends to prove, as we think it does, a willful violation of the statute, their right of action would not be defeated. Even under the first count the rule is that "an employee does not assume all the risks incident to his employment, but only such as are usual, ordinary and remain so incident after the master has taken reasonable care to prevent or remove them, or if extraordinary, such as are so obvi-

ous and expose him to danger so imminent that an ordinarily prudent and careful man would anticipate injury as so probable that in view of it he would not enter upon or remain in the employment." (*Chicago and Alton Railroad Co.* v. *House*, 172 Ill. 601.) There is no evidence in this record to show that the danger which the plaintiffs encountered was so imminent that any reasonably prudent man would have abandoned the work, and, therefore, in no view of the case can it be said that they were guilty of such contributory negligence as will bar their right of recovery.

We think the Appellate Court properly disposed of the case, and its judgment will therefore be affirmed.

*Judgment affirmed.*