## THE CITY OF ALEDO

*v.*

## ELIZABETH A. HONEYMAN.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

1. EVIDENCE—*party may put his hypothetical case as he claims it has been proven.* A party seeking the opinion of an expert may, within reasonable limits, put his hypothetical case as he claims it has been proven and take the opinion of the witness thereon, leaving the jury to determine whether the case as put is the one proven.

2. SAME—*the proper course where opposite party considers hypothetical question unfair.* If a party considers that his opponent's hypothetical question does not fairly cover the evidence, he may, on cross-examination, change the question so as to cover the facts which he believes are applicable to the case and shown by the evidence, and failing to do so he cannot complain of the question on appeal.

3. INSTRUCTIONS—*when instruction as to duty of a city in caring for sidewalks is not prejudicial.* An instruction requiring a city to use reasonable care to keep its sidewalks in "good and reasonably safe condition" is not prejudicial because of the use of the word "good," where several instructions for each party announce the correct rule, and where the city, in one of its own instructions, uses the words "sound and sufficient" with respect to the sidewalks.

4. SAME—*refusal of correct instruction not applicable to the facts is not error.* Refusal, in an action against a city for injury from a defective sidewalk, of instructions requiring a person who knows of the unsafe condition of a sidewalk to exercise care and diligence is not error, where the plaintiff was a stranger in the city, had never been on the sidewalk before and did not know its condition.

*City of Aledo* v. *Honeyman,* 108 Ill. App. 536, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. W. H. GEST, Judge, presiding.

MCARTHUR & COOKE, and GEORGE W. WERTS, Jr., for appellant.

WOOD & ELMER, and BASSETT & BASSETT, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case, brought by appellee to recover for personal injuries alleged to have been sustained by her upon a defective sidewalk of defendant. On August 3, 1901, she and her husband were passing along a wooden sidewalk on Walnut street in said city. The husband stepped upon one end of a loose board in the walk, the other end flew up, tripped her, throwing her to the ground, injuring her spine and one of her fingers. Upon a trial in the circuit court judgment was rendered against the defendant for the sum of $1200, which has been affirmed by the Appellate Court for the Second District.

It is insisted by appellant that the evidence does not show that the spine of appellee was injured, and considerable space in the brief and argument has been taken up in arguing that question. The judgment of the Appellate Court conclusively settled that and all other controverted questions of fact in favor of the plaintiff below and against the defendant.

Appellant claims that the trial court erred in refusing to sustain an objection made by its counsel to a hypothetical question put to one of appellee's witnesses. The objection made to the question was and is, that the facts assumed by it were not in evidence; but such facts, claimed not to be in evidence, are nowhere specifically pointed out. In order to take advantage of the exception upon appeal to the court's ruling on the objection, counsel should have called the attention of the trial court to the particular evidence assumed in the question which was wanting. The rule applicable to hypothetical questions is, that the party seeking the opinion of an expert may, within reasonable limits, put his hypothetical case as he claims it has been proven and take the opinion of the witness thereon, leaving the jury to determine whether the case, as put, is the one proven. (*Grand*

*Lodge I. O. M. A.* v. *Wieting*, 168 Ill. 408.)   In this case appellee had a right to ask the question, assuming only the elements as she claimed they appeared in the evidence, and if the question so put did not fully and fairly cover all the points, then, upon cross-examination, counsel for appellant had a right to change the question so as to cover the facts which they contended were applicable to the case and which reasonably appeared from the evidence, and having failed to pursue that practice they can not now complain.

Objection is made to the first instruction given by the court on behalf of appellee.  This instruction is directed to the duty of the defendant to keep its sidewalks in a reasonably safe condition, and says, in substance, that the defendant is bound to use reasonable care and caution to keep and maintain its sidewalks in good and reasonably safe condition.  The objection is made to the use of the word "good."  The duty of a city in maintaining its sidewalks has been frequently considered by this court and the rule of law in that regard is well settled. This instruction would have been more accurate if the word "good" had been left out, but we do not think appellant was injured by its being inserted, especially as in the seventh of its own instructions asked and given, the words "sound and sufficient" are used, which, in their connection, have the same import as the word "good" in the plaintiff's first instruction.  Several instructions were given on behalf of each party which correctly defined the duty of the city in the care and maintenance of its sidewalks.  The most that could be claimed would be that the instruction objected to was misleading, but if it was subject to that objection the defect was removed by those which correctly stated the law upon the same subject.

Appellant also objects to the fourth instruction given on behalf of appellee.  This instruction lays down the rule that the burden of proof is upon plaintiff, and it is for her to prove her case by a preponderance of the evi-

208—27

dence, yet the degree of preponderance is not material. The objection is made to the last sentence, "the degree of preponderance is not material." This instruction would also have been more correct without the words objected to, as the preceding words sufficiently state the rule sought to be announced, but we are unable to discover wherein the defendant was prejudiced by the inaccuracy.

The trial court refused to give the thirteenth and nineteenth instructions offered by appellant. These instructions are, in substance, that the law requires a person who knows that a sidewalk is in an unsafe or dangerous condition to exercise care and diligence in going over or upon such sidewalk, and that the law will not permit a person who knowingly and negligently goes upon such unsafe or dangerous sidewalk to recover damages sustained thereby. It may be conceded that these instructions lay down substantially correct propositions of law, but they were not applicable to the facts of the case, and were properly refused for that reason. The evidence shows that the appellee resided in New Boston, Mercer county, and that her injury occurred in the city of Aledo, in that same county, and that the appellee had never been upon or over the sidewalk in question before, did not know of its condition, and therefore was not charged with the care and diligence imposed by those instructions.

Complaint is also made of the refusal of the trial court to give the fourteenth and fifteenth instructions offered by appellant. These instructions state the law with reference to the notice necessary to appellant, and also the rule in case the jury should find said injury was the result of a mere accident. Both instructions are reasonably correct as statements of propositions of law, but the fifth, eighth and eleventh given on behalf of appellant fully cover the same ground, and there was therefore no reversible error in the refusal of the fourteenth and fifteenth.

Our examination and consideration of all the instructions given, lead to the conclusion that the jury was

fully and fairly instructed and that there was no sub-
stantial error in the refusal of those rejected.

We find no reversible error in the case, and the judg-
ments of the circuit and Appellate Courts will therefore
be affirmed.                                *Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in the decision of
this case.