## Chicago City Railway Company v. Patience Foster.

### Gen. No. 12,694.

1. OBJECTION—*when not sufficiently specific.* The competency of the evidence of the character sought to be elicited is not raised where a question as follows: "What may cause such an injury as that to the spine?" is objected to on the ground that no proper foundation has been made and that it was incompetent and irrelevant.

2. EXPERT TESTIMONY—*what may be proved by.* It is competent in an action on the case for personal injuries to show by expert testimony what might cause a condition such as that shown by the evidence and claimed to have resulted from the accident in question.

3. INSTRUCTION—*as to mode of deliberation, approved.* An instruction upon this subject as follows, is approved, although its refusal is held not prejudicial error:

"The jury are instructed that if, under the instructions of the court they find from the evidence in this case that the plaintiff is not entitled to recover, then they will not have occasion to at all consider the character or extent of the plaintiff's alleged injuries, whether serious or slight."

4. INSTRUCTION—*what modification of, as to duty of carrier to passenger, not error.* The change of the word "high" to "highest" in the following instruction, *held,* not erroneous:

"The court instructs you that while it is the duty of a com-

mon carrier to exercise a high degree of care in the operation of its trains, yet it is not bound to exercise such care to guard passengers against their own acts of negligence."

5. SPECIAL INTERROGATORIES—*must relate to ultimate facts.* A special interrogatory which calls upon the jury to answer with respect to a mere evidentiary fact, is properly refused.

6. CONDUCT OF COUNSEL—*when Appellate Court will not reverse because of improper.* The Appellate Court will not reverse because of the improper conduct of counsel unless it is clear that prejudice has resulted.

7. VERDICT—*when will not be set aside as against the evidence.* The Appellate Court will not set aside a verdict as against the weight of the evidence where the conflict is in sharp conflict and facts and circumstances are in evidence which justify the verdict.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 9, 1906.

**Statement by the Court.** This action was instituted by appellee to recover damages for personal injuries claimed to have been sustained by her as the result of being thrown from one of appellant's cable trains upon which she was a passenger, near the intersection of State and 26th streets, in the city of Chicago, on June 27, 1902. State street is a north and south street and 26th street intersects it at right angles, running east and west. Spring street is an east and west street which runs into State street from the west about 124 feet from curb to curb, and south of 26th street, its eastern terminus being the west line of State street.

It is claimed that appellee was a passenger upon a north-bound train consisting of a grip and one trailer car; that she was riding in the latter and that at some point between 26th street and Spring street the train was stopped in response to a signal given by a woman who accompanied her; that after it had stopped appellee's companion alighted safely, and that while appellee was in the act of following her the train was started and she was thrown to the ground.

No question upon the pleadings is urged in the briefs, and therefore it seems unnecessary to state them further than to say, that in the six counts of the declaration the corporate existence of appellant and its ownership and operation of the street railroad is alleged, and that it was propelling along the railroad tracks on State street a grip car and trailer in a northerly direction at and near 26th street; that plaintiff was a passenger for hire upon one of the cars, and that while she was endeavoring to alight from said car when the same had come to a stop to enable her to alight therefrom, and while plaintiff was in the exercise of all due care for her own safety, appellant so carelessly, wrongfully and negligently handled and managed the car that the same was started suddenly and without notice to her, by reason of which she was thrown upon the street and injured, etc.

Upon the trial the jury returned a verdict finding appellant guilty and assessing appellee's damages at the sum of $9,000, and judgment was entered thereon.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING of counsel.

BRANDT & HOFFMANN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

It is urged as a ground of reversal that in the examination of Dr. White, appellee's attending physician, who was called to see appellee immediately after the accident and continued to treat her down to the time of the trial, counsel for appellee was permitted to ask the witness the following question: "Q. What may cause such an injury as that to the spine?"

Dr. White had testified as to what her condition had been during his treatment of her, and that at the time of the trial she was suffering from traumatic neurosis, and that her condition proceeded from injury to the

bone, and then the above question was asked. The answer was: "Traumatism."

The same question in substance was asked of Dr. Steffenson, who examined appellee shortly before the trial for the purpose of qualifying himself to testify as to her physical condition. He had testified that she was suffering from injury to the spinal cord. The witness said that appellee's condition might be caused by direct injury or indirect injury to the spinal cord.

It is urged that this evidence was incompetent and that its admission was error; that the physicians were asked to speculate as to what might cause the condition they found present in appellee's person.

The objection made on the trial to this testimony was that no proper foundation had been laid and that it was incompetent and irrelevant. We do not think the objection was sufficient to raise the question now urged. C. & E. I. R. R. Co. v. Holland, 122 Ill. 468; Village of Chalsworth v. Rowe, 166 Ill. 114; West Chicago St. R. R. Co. v. Buckley, 200 Ill. 265. But, waiving the question of the sufficiency of the objection, we think the questions called for the opinion of the witnesses on a question of science upon which the opinions of experts are received. The questions do not call for the opinions of the witnesses as to what did cause the condition of appellee, which was an ultimate fact for the jury to find, but they are asked as to what might or may cause that condition, a very different question, calling for the opinions of the witnesses upon a matter which was peculiarly within their knowledge as scientific men. We think the questions were proper. I. C. R. R. Co. v. Smith, 208 Ill. 608, at pp. 616, 617 and 618; and People v. Hare, 57 Mich. 512; and Lacas v. Detroit City Railway Co., 92 Mich. 412, and cases there cited.

Appellee was called as a witness in rebuttal and was allowed to testify that Dr. LeSage had been paid for his services rendered to her and to other matters which had been brought out in her cross-examination

in the case.  These were not strictly rebuttal matters, but it was not reversible error to permit the testimony to be given.

Appellant requested the court to give the following instruction:

"21.  If you believe from the evidence that the plaintiff and employes of defendant were both guilty of negligence proximately contributing to the alleged accident and injury, then you have no right to compare the negligence of the plaintiff with that of the others and find a verdict according to which side you think was guilty of the greater negligence, for in such case the law is that it makes no difference which was guilty of the greater negligence, the plaintiff can not recover, and your verdict should be not guilty."

The court refused to give the instruction as asked, but modified it by adding at the end thereof the following, and gave it as modified: "Provided you believe from the evidence that the plaintiff failed to exercise ordinary care for her own safety."

It is claimed on behalf of appellant that the addition made by the court robbed the instruction of all its force and virtue and rendered it nugatory.  With this contention we do not agree.  The only element in the instruction of value to appellant was the negligence of plaintiff contributing to the injury, in connection with the negligence of the employes of appellant.  The addition by the court simply repeated this proposition.  This could do appellant no harm or afford it any just ground of complaint.  The addition by the court is but a repetition, in substance, of the thirteenth and twentieth instructions asked by appellant.  These instructions the jury should, and presumably did, read in connection with the twenty-first instruction now under consideration.  The modification by the court, therefore, could not affect appellant injuriously, and it was not reversible error.

The court was asked by appellant to instruct the jury as follows:

"23. The jury are instructed that if, under the instructions of the court, they find from the evidence in this case that the plaintiff is not entitled to recover, then they will not have occasion to at all consider the character or extent of the plaintiff's alleged injuries, whether serious or slight."

The court refused the instruction. We think the instruction was proper and should have been given. It is difficult, however, to understand how the refusal to give the instruction prejudiced appellant in any way. The jury found under the instructions of the court that the plaintiff was entitled to recover and assessed the plaintiff's damages. It is fair to presume that the jurors selected by the parties possessed sufficient intelligence to know, without being informed by the court, that if they found for appellant they could not give the plaintiff any damages. Moreover, the jury did find specifically that the plaintiff by the exercise of ordinary care could not have avoided the injury, and hence the contingency on which the instruction was hypothecated did not arise.

Appellant requested the court to submit to the jury the following instruction:

"22. The court instructs you that while it is the duty of a common carrier to exercise a high degree of care in the operation of its trains, yet it is not bound to exercise such care to guard passengers against their own acts of negligence."

The court struck out the word "high" in the second line of the instruction and inserted in place thereof the word "highest," and gave the instruction to the jury so modified.

It is urged that the modification was erroneous, because it incorrectly defined the duty of a common carrier. In support of this contention counsel cite North Chicago St. R. R. Co. v. Polkey, 203 Ill. 225, and Tri-City Ry. Co. v. Gould, 217 Ill. 317, wherein it is held that a railroad company as a carrier of passengers is held by the law to the use of the highest degree

of care consistent with the practical operation of its railroad, and urge that a common carrier is not bound to exercise the highest degree of care towards its passengers, without limitation. This, we think, is not to the point. The point of the instruction was not the degree of care which the carrier owes to the passenger, but, whatever that degree of care was, that the carrier was not bound to exercise it to guard passengers against their own acts of negligence. The instruction was just as beneficial to appellant in the form in which it was given as in the form in which it was asked.

Complaint is made that the court refused to submit to the jury the following special interrogatory:

"Has the plaintiff proved by a preponderance of all the evidence in the case that the train in question was standing still at the time she attempted to alight from the same?"

This did not call upon the jury to find an ultimate or material fact in the case alleged in the declaration, as whether the train in question was standing or moving at the time appellee attempted to alight from it. The question asks for the opinion of the jury as to whether or not the plaintiff had proved a fact by a preponderance of the evidence in the case. The statute does not authorize the court to ask the jury to state in a special verdict in regard to the preponderance of the evidence upon any material issue in the case. Nor does the statute authorize the court to ask the jury or require them to find whether the plaintiff's evidence alone and by itself constitutes the "preponderance of all the evidence in the case" upon any material question in the case. It may be and often is the fact, that some part of the defendant's evidence upon the same question supports or gives weight and force to the plaintiff's evidence, and thus becomes a part of the preponderating proofs. Hence such a query would be useless and without reason. In our opinion the interrogatory was properly refused.

Much space in the printed arguments of appellant and appellee is given to discussions of the misconduct of counsel on both sides of the case during the trial. It is urged on behalf of appellant that by the misconduct of counsel for appellee it was deprived of a fair trial, and of a fair and impartial presentation of the case to the jury. On the other hand it is claimed by counsel for appellee that counsel for appellant was guilty of gross misconduct which provoked the statements, comments and exclamations of counsel for appellee complained of. That the hearing of the case was not dignified and orderly, is clearly apparent from the record. Many things occurred during the trial which must be condemned as improper. Upon a review of the case as shown by the record, we are of the opinion that we ought not to set the judgment aside because of the improper conduct of counsel. We do not approve it, and the trial judge condemned it; but the record comes to this court bearing the official sanction of the trial judge. Every reasonable presumption must be indulged in that the trial judge has performed his duty and has properly exercised the discretion vested in him. He was present at the trial and heard the remarks of counsel on both sides and is, therefore, much better able to judge whether anything was said, or whether any incident transpired during the trial which justified the remarks made by counsel. Courts of review are loth to interfere in such matters, unless it becomes necessary to prevent a failure of justice. We cannot see that such is the case here.

Upon consideration of all the evidence in the case we do not find that the verdict and judgment is clearly against the weight of the evidence. We cannot say from the evidence on both sides, with all the inferences that may be justifiably drawn from it, that all reasonable minds would reach a conclusion opposed to the finding of the jury. The evidence presents a sharp conflict upon material issues, with facts and circum-

stances which by a fair and reasonable intendment warrant the inferences of the jury. Under such circumstances courts will reluctantly, if ever, disturb their verdict, although it may appear to be against the strength and weight of the evidence. Where, in the conflict of the evidence the verdict must depend upon the credibility of the witnesses, it is the peculiar province of the jury to judge of that credibility. Where, as in this case, there is an irreconcilable conflict in the testimony, and the evidence of the successful party when considered by itself is clearly sufficient to sustain the verdict, we ought not to reverse the judgment of the trial court. Calvert v. Carpenter, 96 Ill. 67; Shevalier v. Seager, 121 Ill. 569.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*