William Peter, minor, by George Peter, his next friend, Appellee,
v. Sam Cohen, Appellant.

### Gen. No. 17,504.

1. EVIDENCE—*objection to hypothetical question.* An objection
that a hypothetical question includes elements not based on the
evidence must point out specifically such facts assumed in the
question.

2. DAMAGES—*excessive.* A judgment for $1,750 for injuries to a
child resulting in what is known as a flat foot will be sustained as
not being excessive where the verdict of the jury does not appear
manifestly to be against the weight of the evidence.

Appeal from the Superior Court of Cook county; the HON. HARRY
C. MORAN, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed December 19, 1912.

JOSEPH F. GROSSMAN, for appellant.

VINCENT D. WYMAN and OTTO W. JOURGENS, for ap-
pellee.

MR. JUSTICE McSURELY delivered the opinion of the
court.

The appellee, William Peter, hereinafter called plain-
tiff, in December, 1908, then a child of ten years of
age, was walking on the sidewalk when a pile of iron
pipe, which had been maintained by the defendant on
his premises adjacent to the sidewalk, fell and knocked
plaintiff down, several pieces striking his right leg
and foot and pinioning him to the ground, with the
leg and foot underneath the pipe. Suit was brought
and judgment rendered against defendant, who asks
that it be reversed, solely on the ground that the
amount of damages awarded is excessive.

The case has been tried twice. Upon the first trial
the jury fixed the damages at $1,500. A new trial was
granted, but upon what grounds does not appear.
Upon the second trial the jury returned a verdict for
$2,500 damages, from which plaintiff remitted $750,

and judgment was entered for $1,750; but defendant claims that it is still too large.

Various objections are made to the rulings of the trial court upon the admissibility of certain questions and answers, but we find no reversible error in this regard. The objection that a certain hypothetical question included elements not based upon the evidence, is met by the rule that objections upon that ground must point out specifically such facts assumed in the question. The rule is stated clearly and fully in Riverton Coal Co. v. Shepherd, 207 Ill. 395, and City of Aledo v. Honeyman, 208 Ill. 415.

Most of the argument of both counsel, in well-ordered briefs, concerns the evidence touching the extent of plaintiff's injuries. That his right foot was injured is not denied, but how seriously is the question submitted to this court to determine. The record shows that the pipe which fell upon plaintiff was three and one-half inches in diameter, weighing four or five pounds to the foot, and about ten feet in length, and that several pieces fell upon the boy; that a passerby coming to his assistance tried to lift the pipe off the boy, but owing to their great weight was unable to do so. Using another piece as a lever, he raised the pipe sufficient to enable the boy to withdraw his foot. Plaintiff hopped home, a part of a block away, on his left foot, screaming with pain. He was unable to go upstairs into his house; his mother helped him up and tried to take his shoe off. She says: "He screamed so terrible I just opened his laces and had to stop again. It was twenty minutes before I got his shoe off. The foot was all swollen up; the ankle all the way up to the knee;" that he cried all night with pain. The family doctor was called next morning. He says that the entire two-thirds of the lower leg was badly swollen and bruised; that the patient had a temperature, was very nervous and apparently suffering greatly; that he prescribed remedies and attended plaintiff daily for six weeks; that after four

weeks he endeavored to have him stand alone but there was pain when he made the attempt, and it was at least six weeks before he could stand alone. The doctor testified that the injury has resulted in the breaking down of the arch of the foot, producing what is known as a flat foot, which causes the boy to limp and drag the foot after him when he walks or runs, and that this is a permanent injury; that to support the arch of the foot plaintiff wears an iron brace inside the shoe.

There is considerable conflict in the testimony as to the length of time plaintiff was confined in the house. One witness for the defendant, a school teacher, testified that her records showed that he attended school a few days more than a month after the accident and continued to attend thereafter quite regularly; but on cross-examination it appeared that if a child's seat was occupied he was marked present, and that the custom was, with surplus children in the room, to seat them in unoccupied seats, and it is fairly argued that plaintiff may have received credit in the record for being present simply because his seat was occupied by some other pupil. Opposed to the statement of the teacher is the testimony of the plaintiff himself, that it was about three months before he went back to school. To the same effect is the testimony of his father and mother and of several playmates.

The defendant introduced evidence of a physician tending to show that the flat foot condition of plaintiff was congenital and not produced by the injury, and the same witness testified that both feet were flat. Tests were made by these witnesses in the presence of the jury, and prints of the sole of each foot appear in the record before us. An inspection of these prints inclines us to believe that the jury was warranted in believing that the condition of the right or injured foot was quite different from the left foot. A physician who knew the plaintiff since birth and treated him frequently, and the father and the mother, all tes-

tified that the boy's foot before the accident was perfectly normal; that he had never limped or dragged his foot before that time. Another physician testified that there is now an entire absence of the arch of the injured foot and that it is flat to the floor, and that this condition is the direct result of the injury sustained. All the witnesses testified that since the injury when plaintiff walks or runs he limps with the right foot and drags the foot or leg. It seems to be conceded by all the physicians testifying that flat foot is a permanent condition.

From this brief statement of a portion of the evidence it is apparent that the controversy as to the extent of plaintiff's injuries must be left to the jury and the trial court, and their conclusion should not be disturbed unless it should appear manifestly to be against the weight of the evidence. One jury assessed the damages at $1,500, the second jury at $2,500. The trial court apparently thought $1,750 was a proper amount. We can discern no reasonable ground for holding the amount of the judgment to be unjustified by the evidence, and, therefore, it will be affirmed.

*Judgment affirmed.*