James W. Mahannah, Appellee, v. Rodney Bergfeld and Vacuum Oil Company, Appellants.

Gen. No. 8,719.

Heard in this court at the October term, 1933. Opinion filed January 19, 1934. Rehearing denied April 2, 1934.

HUNTER, KAVANAGH & McLAUGHLIN, for appellants.

JOHN E. CASSIDY, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee, plaintiff below and hereinafter called plaintiff, brought suit against appellants, hereinafter called defendants, for personal injuries sustained as a result of a collision between one of defendants' automobiles and plaintiff's. Issues were joined on a plea of general issue, and upon a trial before a jury, verdict was returned for the sum of $3,000 in favor of plaintiff, upon which verdict judgment was rendered by the trial court. Defendants prosecute this appeal and urge three causes for reversal. The first ground

urged is the refusal of the court to admit defendants' Exhibit 1 in evidence; second, that the hypothetical questions propounded to Dr. Cooper were improper; and third, that the verdict is excessive.

The accident in question occurred in the residential section of the City of Pekin, Illinois, at about 2:30 p. m., on September 4, 1931. While crossing a street intersection, plaintiff's car was struck by defendants' car, overturned and knocked some 40 to 50 feet in the distance. Plaintiff was caught in the wreckage of his overturned automobile and was lying on his back at the time he was extricated therefrom. He complained that his back was hurt. He was removed to the hospital where X-rays were taken of his lower spine, the pictures disclosing that plaintiff had sustained a fractured transverse process of the fourth lumbar vertebra on the right side. Plaintiff was put to bed for a period of two months following the accident, under a physician's care and observation. After this period of time he moved about with the aid of crutches. On December 10, 1931, he attempted to work in an automobile garage, and claimed that he was unable to perform such work, due to a rigidity of the back muscles and accompanying pain upon performing labor underneath automobiles, and that remaining in such position for any considerable time, produced a temporary paralyzed condition of his back and back muscles. In December 1932, approximately 15 months after the accident, plaintiff obtained his first employment following the injury, at which he has worked. This position was as a station attendant at a gasoline filling station. He claims that this work requires no lifting and that his duties are confined to putting gasoline and oil in cars. He claims that after a busy day at this work his back pains him to the extent that he cannot lie down until after several hours' sitting position in a chair.

Upon cross-examination of plaintiff, counsel for defendants submitted to plaintiff two full-sized sheets of paper, with writing upon both sides of each sheet, and claimed to be a written statement of the accident, made by plaintiff. These sheets of paper were identified as defendants' Exhibits 1 and 1-a. Plaintiff was asked if it was his signature at the bottom of said exhibits, to which he responded that it was. After the conclusion of the evidence on behalf of plaintiff and during the defendants' evidence in chief, defendants offered in evidence what is claimed to be a portion of one of such sheets of paper, as defendants' Exhibit 1. This exhibit as offered is a mutilated piece of paper upon which certain parts of the writing thereof have been obliterated. The trial court, upon objection, denied defendants the right to introduce said exhibit in the condition as offered. This is defendants' first ground urged for reversal. Said exhibit as offered was certified to this court for inspection. A portion of the order of the trial judge certifying the exhibit is as follows:

"It is further certified that during plaintiff's case in chief and upon cross examination by defendant's counsel of plaintiff, James Mahannah, that defendant's counsel presented to plaintiff as a witness 2 sheets of paper which were then identified by the reporter marking thereon Defendant's Exhibit 1 and Defendant's Exhibit 1-A and that said sheets of paper contained writings on both sides of each sheet.

"It is certified that plaintiff was interrogated and responded that his signature appeared on the sheets of paper marked Defendant's Exhibit 1 and Defendant's Exhibit 1-A. That at the time plaintiff was so interrogated Defendant's Exhibit 1 was not in the same physical condition and appearance as at the time it was offered in evidence.

"It is certified that at the time Defendant's Exhibit 1 was presented to plaintiff as a witness that it was in appearance a full sized sheet of paper and that at the time it was offered in evidence during defendant's case in chief, Defendant's Exhibit 1 was a piece of paper as and in the condition of the original paper hereto attached and was at the time it was offered in evidence only a portion of defendant's Exhibit 1 as it existed at the time plaintiff testified that his signature appeared thereon.

"It is further certified that the original paper hereto attached and marked Defendant's Exhibit 1 has on one side pencilled markings, that is, obliterations or apparent destruction of a portion of the diction thereon by means of the written words covered by pencilled markings.

"It is certified that at the time the original defendant's Exhibit 1 was shown to plaintiff upon cross examination when he admitted his signature was thereon that such Exhibit did not contain such obliterations or pencilled markings which are on the paper hereto attached.

"It is certified that between the time Defendant's Exhibit 1 was presented to plaintiff witness on cross examination and between the time it was offered in evidence that such Exhibit was changed on account of a portion of the sheet of paper being cut away and also by means of pencilled markings or obliterations being drawn through the written words as appears on the attached original paper."

The above statement very aptly sets out and describes the exhibit as offered. The plaintiff's attention at the time defendants' Exhibits 1 and 1-a were submitted to him upon his cross-examination, was not directed to any part thereof that defendants claimed to be inconsistent with his testimony. Plaintiff was merely shown the Exhibits 1 and 1-a, and asked if he

had seen the same and if his name was signed thereto, to which he responded in the affirmative. In order for defendants to lay the proper foundation to impeach plaintiff as a witness, they should have called his attention to such portions of the written statement as they considered to be inconsistent with his testimony, and given him the opportunity to explain such inconsistencies. *Helgesen v. Chicago Suburban Water & Light Co.*, 156 Ill. App. 541.

Written or printed exhibits, when composed of one single instrument and when identified as such by a witness who has signed same, should not be permitted to be mutilated and cut or torn into portions, thus destroying the identity of the several portions toward the exhibit as a whole, and then some one of such portions be offered in evidence, after it has lost its identity as a part of the exhibit as identified. There is nothing in this record to indicate or disclose what the original exhibit contained. Part of the writing upon the exhibit as offered has been obliterated by marking over the words previously written thereon, so that the exhibit as offered was not only mutilated and altered from the original exhibit as identified, but had portions thereof obliterated and destroyed. The paper offered by defendants as their Exhibit 1 is so vastly different from their said Exhibits 1 and 1-a as identified, that its identity as a part of the whole has been destroyed. The exhibit as offered must speak for itself and it does not appear therein from what writing it had been extracted. Defendants possessed the entire exhibit and by their own acts destroyed the relationship of the piece of paper as offered in evidence to the exhibit as identified. Its admissibility in evidence was thereby destroyed and the court did not err in refusing to admit same. Documentary exhibits should not be mutilated, altered and obliterated be-

tween the time of their identification and such time as they are offered in evidence.

Defendants' contention that the court erred in permitting Dr. Cooper to answer certain hypothetical questions is not deemed sufficient for reversal. After an examination of the evidence in the case and of the question put to the doctor, which is very extended and comprehensive, we are of the opinion that such question included the essential elements as shown by the evidence and incorporated facts necessary to a fair presentation of the question. We do not consider that sufficient material facts in the case were omitted to constitute reversible error. Defendants had the right to call to the attention of counsel by objection, any omission. *Allen Son & Co. v. Industrial Commission,* 349 Ill. 71, 79; *Chicago & E. I. R. Co. v. Wallace,* 202 Ill. 129, 135; *Riverton Coal Co. v. Shepherd,* 207 Ill. 395, 397.

Defendants do not claim that the plaintiff failed to make out his cause of action, or that the verdict is contrary to the evidence or that the jury was not properly instructed. They urge as their third ground for reversal that the verdict is excessive, which brings before the court for its consideration the sufficiency of the evidence as to the amount of damages. The evidence is undisputed as to the nature of plaintiff's injury, the period of time that he was unable to do any work, and the effect that it has had upon his ability to perform labor. The evidence shows that at the time of the injury, plaintiff's average weekly wage was $45. There is nothing to indicate that the verdict of the jury was the result of passion or prejudice and the damages cannot be said to be so excessive as to indicate that the jury was actuated by improper motives. Considering the nature of the plaintiff's injuries, we are unable to say that the verdict is excessive. The question of damages was a matter properly

for the jury to pass upon and in the absence of anything to indicate that the jury was moved by passion or prejudice or improper motives, or that the damages are so grossly excessive within themselves as to clearly demonstrate such fact, this court will not disturb the verdict.

Finding no error in the record, the judgment of the trial court is affirmed.

*Judgment affirmed.*