Addie Chamblin, Appellee, v. New York Life Insurance Company, Appellant.

Opinion filed November 8, 1937. Rehearing denied December 10, 1937.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, both of East St. Louis, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, both of East St. Louis, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action is brought upon the double indemnity provisions of a life insurance policy issued by defendant to Frank L. Chamblin, now deceased, in which plaintiff was named as beneficiary. The policy was in the amount of $2,000, with a provision for double indemnity if death of insured should result directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means, and not from any physical or mental infirmity, or directly or indirectly from illness or disease of any kind. The face of the policy was paid, but the double indemnity was contested.

Defendant moved to dismiss the action, alleging that the complaint did not set forth facts showing how,

when or in what manner deceased suffered accidental and violent injury causing his death, and that only conclusions as to such matters were pleaded. This motion was overruled. Defendant thereupon answered, denying the averments relative to double indemnity, and also denying that proofs of loss were furnished.

Trial by jury was waived and the cause submitted to the court, who after a hearing rendered judgment for plaintiff in the sum of $2,083.33 and costs of suit, which defendant seeks to reverse by this appeal.

Numerous alleged errors are argued both as to matters of law and fact. Defendant contends that error was committed in overruling its motion to dismiss the action. Motions to dismiss are based upon sec. 48 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 172; Jones Ill. Stats. Ann. 104.048, which enumerates nine grounds therefor, none of which are set forth in defendant's motion.

The motion averred three reasons: 1st, that no facts are set up showing how, when or in what manner deceased suffered an accidental injury causing his death; 2nd, that the complaint does not aver sufficient facts showing how, when and in what manner such accidental injury was occasioned; and 3rd, that all the allegations that would fix defendant's liability are not averments of facts, but mere conclusions.

It is thus seen that the gist of the motion went not to the right of plaintiff to maintain the suit, but merely to the sufficiency of the allegations in the complaint as a statement of a cause of action. If defendant conceived that it was deficient for such reason, it properly might have moved for a bill of particulars under sec. 37 of the Act, Ill. Rev. Stat. 1937, ch. 110, § 161; Jones Ill. Stats. Ann. 104.037, which provides for the grant of such where the pleading is wanting in details, or could have moved the court to order a fuller or more particular statement under sec. 42, Ill. Rev. Stat. 1937, ch. 110,

§ 166; Jones Ill. Stats. Ann. 104.042. This it did not do. Moreover, par. 2 of sec. 42 provides that "No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet."

The complaint charged "that Frank L. Chamblin died on, to wit, January 14, 1936, and that the death of the said insured, Frank L. Chamblin, resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means, and that such death of the said Frank L. Chamblin occurred within sixty days after sustaining such injuries." This we think was sufficient to reasonably inform defendant of the nature of plaintiff's claim. If defendant desired more detailed information, or a fuller statement, it should have moved for same under either said sec. 37 or sec. 42.

Plaintiff, to establish the fact that proofs of death were made, called as a witness, under sec. 60 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060, one of the attorneys for defendant, who testified that such proofs had been made. It is insisted that such attorney was not the adverse party, nor an officer, director or managing agent of defendant corporation, and that the trial court erred in admitting such testimony.

We do not find that any objection was made as to the competency of the witness for the purpose for which he was called. Not to have questioned it in the trial court, the defendant is precluded from raising the proposition on review, *People v. Hager,* 249 Ill. 603; *Forster v. Sheridan Trust & Savings Bank,* 257 Ill. App. 463. In any event it appears that at the close of all the evidence counsel for defendant stated of record, in open court: "It is agreed that the interest on $2,000 from the time proofs of loss were furnished in this case to

the estate at the rate of 5 per cent per annum, is $83.33.'' This is an admission that proofs of death were made, and a sufficient warrant for the trial court to so hold.

Defendant further urges that certain physicians were permitted to testify on behalf of plaintiff, in response to hypothetical questions, which, in instances, either included elements not appearing in evidence, or lacked important and essential items of proof.

Dr. De Haan and Dr. Meyer were both asked a lengthy hypothetical question as to whether there was any causal connection between the claimed injury and Chamblin's death. No objection was made to either that the question included unproven elements, or that it lacked facts shown by the testimony, and as to these the contention is therefore unavailing.

The same question was propounded to Dr. Eisele, to which defendant objected upon the ground that it incorporated some facts and conditions not shown by the evidence. The objection, however, did not specifically point out what unproven facts were contained in the interrogatory, and failing so to do the objection was properly overruled, *Peter v. Cohen*, 176 Ill. App. 58; *City of Aledo v. Honeyman*, 108 Ill. App. 536.

While Dr. Gradwohl was on the stand he was asked the same question, whereupon defendant objected as follows: ''I would like to make the same objection I made before, plus the fact that the question is not in the proper form, in that it invades the province of the Court in determining this matter and incorporates some conditions which have not been proven.'' Again the objector failed to specify what elements it contained that did not appear of record, hence was obnoxious to the decisions previously cited. Relative to the objection to its form as being a usurpation of the court's duty to determine the facts, the question appears to be framed in conformity with the established

rule in this State, *Squire-Dingee Co. v. Industrial Board,* 281 Ill. 359; *Fuhry v. Chicago City Ry. Co.,* 239 Ill. 532; *Chicago City Ry. Co. v. Foster,* 128 Ill. App. 571.

The principal ground urged for a reversal of the judgment is that the court's finding is not sustained by the evidence.

Deceased was employed as a clerk by the Illinois Power & Light Company at Belleville, Illinois. Among others, it was his duty to periodically inventory the contents of the storeroom. On December 23, 1935, he was using a traveling ladder 8 or 10 feet high in order to check the contents of some bins which were as high as the ladder, there being also some other bins which were about 3½ feet in height. While so doing, in some manner he fell, striking with his back one of the bins on the floor with such force as to break one of the one-inch boards forming the top of one of the bins. He was immediately thereafter seen in a standing posture, holding both hands just above the hips. Prior to the accident deceased had been a rugged, healthy man who worked regularly at his employment and after hours did carpenter and other work around his home. He returned to his desk and worked the remainder of the day, and upon arrival at his home that evening, went to bed without supper, and remained there for two days, thereafter he went back to work and so continued until January 10, 1936, when he died. Dr. Ryan treated him intermittently between the dates of injury and death. On January 9, 1936, after work, he went to the Knights of Columbus hall where he bowled several games. He arrived home about 11:30 o'clock, went to bed, was taken ill at about one o'clock in the morning and died within a few hours.

There was proof that prior to the injury deceased had been very active and did a great deal of work about the house, but that after such event he walked

slower, did not appear to be as mentally alert as previously, and appeared to be lacking in his former spirit, his appetite failed to some extent and he had difficulty in sleeping, though before the fall he had been a sound sleeper, and that when he walked, after the injury, he generally had his hand upon his side. Following his death an autopsy was had, which disclosed that the cause of death was an occlusion of the right coronary artery on account of a blood clot.

Defendant earnestly contends that the proof fails to establish that this coronary occlusion was attributable to the injury which deceased sustained as a result of his fall. The proof bearing upon this proposition was necessarily that of physicians. Four experts called by plaintiff testified that in their opinion the injury sustained on December 23, 1935, or 16 days prior to his death, was sufficient to cause the occlusion. Five physicians on behalf of defendant gave it as their opinion that the coronary occlusion could not have resulted from the fall.

Dr. Ryan, one of defendant's expert witnesses, when cross-examined, stated that there would be a possibility that the injury which deceased received on December 23, 1935, might have caused the clot or occlusion of the artery, and that where coronary occlusion is caused by trauma the person might live for months. Another of defendant's witnesses, Dr. Thompson, testified that there are at least two types of coronary occlusion, one slow and progressive, and the other sudden and complete. Dr. Cannady, also for defendant, stated that it is possible for any case of coronary occlusion to live for two or three weeks, or even longer, and then die from such trouble.

The expert proof bearing upon the vital question, being in conflict, it was for the trial judge, sitting without a jury, to find the fact, which he must do largely from the credibility of the witnesses and the weight to be

attached to their testimony, *People v. Ristau,* 363 Ill. 583, 589.

It is further the rule that where the testimony merely conflicts, the reviewing court may not substitute its judgment for that of the trial court. *People v. Over-bey,* 362 Ill. 488; *People v. Martishuis,* 361 Ill. 178. In order to warrant interference with the finding it must appear that the judgment is contrary to the manifest weight of the evidence, *Kuehne v. Malach,* 286 Ill. 120; *Tarjan v. Regelin,* 202 Ill. App. 320; *Union Foundry Works v. Columbia Iron & Steel Co.,* 112 Ill. App. 183.

From a careful consideration of the record of testimony in this case we cannot say that the trial judge's finding of fact is manifestly or palpably against the weight of the evidence.

*Judgment affirmed.*