(No. 28697.— )
ROBERT HOLMES AND BROTHERS, INC., Plaintiff in Error,
vs. THE INDUSTRIAL COMMISSION et al.—(CHARLES E.
LANE, Defendant in Error.)

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

ANGERSTEIN & ANGERSTEIN, of Chicago, and LINDLEY,
JONES, GRANT & SEBAT, of Danville, (WILLIAM L. DAILY,
of Chicago, of counsel,) for plaintiff in error.

ALFRED A. JOHNSON, of Danville, for defendant in
error.

Mr. JUSTICE STONE delivered the opinion of the court:

This case is here on writ of error allowed by this court
to review the judgment of the circuit court of Vermilion

county confirming the decision of the Industrial Commission which awarded to the defendant in error, Charles- E. Lane, compensation for the loss of the use of an eye. The questions involved are whether the award of the Industrial Commission is contrary to the manifest weight of the evidence, and whether the commission erred in permitting the introduction of incompetent evidence.

Certain facts are stipulated or not disputed. Lane, on February 14, 1941, received an accidental injury arising out of and in the course of his employment. He was employed by plaintiff in error as a welder, working from 4:00 P.M. to 12:30 A.M. While chipping off a piece of slag which had formed on a rod he had just welded, a particle of slag struck him in the right eye near the inside corner of the eye. It caused a burning feeling in the eye something similar to a scald, and the corner of the eye got red. He continued to work until the regular closing time, and, as this occurred on Friday night and he was not to be employed the next day, he did not appear for work until the Monday following. He arose about noon on Saturday, the day following the injury. He testified he saw a number of little spots in front of his eyes. On Monday following the injury, he went to the office of plaintiff in error and informed them of the injury, and was sent to the office of one Dr. S. G. Baldwin. Dr. Baldwin examined his eyes, saw him every three days for the first week, and, together with his father, Dr. H. E. Baldwin, who acted in his stead during his absence, he continued to treat Lane until March 18, 1941, when he sent him to a hospital where he stayed until March 30. About two weeks after he came out of the hospital, he again was employed by plaintiff in error until the latter part of May that year.

At the time of the hearing, on January 28, 1942, Lane testified that he could just barely see light. The examination by Dr. Baldwin disclosed no particle in his eye but it was somewhat red and inflamed. Testimony of the doctor

also is that Lane was suffering from no disease of teeth, sinuses, head or neck, or any other disease. His left eye was normal and remained so.

Lane was treated also by Dr. G. L. Porter, who saw him on July 16, 1941, and examined his eyes. Dr. Porter found the vision of the right eye practically gone and the vision of the left eye was normal. He, together with one Dr. B. M. Jewell, a specialist in diseases of the eye, who testified in answer to a hypothetical question, both testified in their opinion there was causative connection between the injury and the detached retina, resulting from the condition of the right eye. One Dr. Sherman L. Shapiro testified as an expert witness for plaintiff in error, in answer to a hypothetical question. He had not seen Lane nor examined his eye. He was of the opinion that the condition described in the hypothetical question could not have been produced by trauma.

It is a well-settled rule that the burden of proof in these industrial cases rests upon the claimant. *Hahn* v. *Industrial Com.*, 337 Ill. 59; *Peters Machinery Co.* v. *Industrial Com.* 346 Ill. 403.

Plaintiff in error argues that the hypothetical questions, contained in interrogatories put to physicians for defendant in error Lane, were improper. In presenting evidence by hypothetical questions, counsel propounding the question has a right to ask it assuming only the elements that he claims appear in the evidence, and if the question does not fully and sufficiently cover all points, then counsel for the other party has a right to change the question so as to cover the facts which he contends were applicable. *Monark Battery Co.* v. *Industrial Com.* 354 Ill. 494; *City of Aledo* v. *Honeyman*, 208 Ill. 415.

*Western Cartridge Co.* v. *Industrial Com.* 383 Ill. 231, cited by plaintiff in error on this point, is to be distinguished from this case in that there was there no evidence tending to support the employee's claim that he received an

injury to his eye. It is the province of the commission to determine issues of fact and its findings will not be disturbed unless they are against the manifest weight of the evidence.

Here, there is substantial corroborating evidence of causal connection between the injury admittedly received by defendant in error and the condition of his eye which resulted in loss of sight. We have examined the testimony of the physicians testifying. We would not be justified in setting it out at length. We are convinced that the finding of the commission was not contrary to the manifest weight of the evidence and that the circuit court of Vermilion county did not err in sustaining that finding. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*