JAMES A. CUNNINGHAM

*v.*

JOHN STEIN.

*Filed at Springfield March 26, 1884.*

1. EVIDENCE—*on question of damage from a nuisance.* On the trial of an action on the case, brought by the owner of a brewery, against the defendant, the owner of a starch factory, located near the brewery, to recover damages for polluting the waters of a stream that ran through a part of the plaintiff's premises, by the flow of slops into the same, and for befouling the air with unhealthy and unsavory odors, arising from the using and operating the starch factory, the court allowed the plaintiff to be asked, when testifying as a wit-

ness, the difference in the sales of his beer before and after the construction of the starch factory: *Held,* that the question was properly allowed, the other proof showing that the flow of the slops from the sewer affected the atmosphere at the brewery, and the plaintiff's theory being that the atmosphere so polluted affected the beer, and rendered it unsalable. Such theory was, however, not conclusive, but was open to proof that other causes, and what, affected the sales of the beer.

2. INSTRUCTION—*omitting to refer to the preponderance of the evidence.* It was objected to instructions for a plaintiff, that they failed to inform the jury that they must believe the propositions of law therein laid down, from a preponderance of the evidence. The jury were instructed, on the part of the defendant, that as to each and every alleged ground of action it was incumbent on the plaintiff to make proof by a clear preponderance of evidence: *Held,* that the defendant had no just ground of complaint.

3. SAME—*as to measure of recovery, construed.* It was objected to one of plaintiff's instructions, given in an action to recover damages for befouling and polluting the water of a stream across plaintiff's premises, and polluting the air with unhealthy odors, from the discharge of slops near plaintiff's premises, that it allowed the jury to assess damages for "such amount as they might find from the evidence," instead of limiting them to such an amount as would compensate for the injury sustained. The *gist* of the instruction was, that if the defendant injured the plaintiff by the acts named, he was liable for such injury, whether he knew it was being done or not: *Held,* that the instruction could only be reasonably understood as announcing a right of recovery for, and to the extent of the loss sustained by, the wrongful act, and was not erroneous.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. JACOB W. WILKIN, Judge, presiding.

Messrs. MANN, CALHOUN & FRAZIER, for the appellant.

Mr. W. R. LAWRENCE, and Mr. J. C. BLACK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee recovered a judgment against appellant, in the circuit court of Vermilion county, in an action on the case. That judgment, on appeal to the Appellate Court for the Second District, was affirmed, and this record is brought before us by appeal from the last named judgment.

Appellant is the owner of a starch factory, and appellee is the owner of a brewery, located near each other, in the city of Danville. A small stream runs near the starch factory and the brewery, and, for a short distance, over land owned by appellee. Appellant, by means of sewers, discharged slops from the starch factory into this stream, at a point above appellee's premises, and thereby polluted the water. The action is for damages caused by the polluting of the waters of this stream, and also by befouling the air with unsavory and unhealthy odors, arising from the using and operating of the starch factory. There was evidence tending to show that by reason of the slops from the starch factory being discharged into the stream, it was rendered unfit for the formation of ice for use, and that thereby appellee suffered some loss. There was also evidence tending to show that the unhealthy and unsavory odors arising from the using and operating of the starch factory impregnated the beer manufactured by appellee, and injured the sale of it, and also that such odors rendered his habitation uncomfortable, unhealthy, etc.

The first error of law claimed to have occurred in the ruling of the trial court, to which our attention is directed, is in allowing appellee to be asked, when testifying as a witness, the difference in the sales of his beer before and after the construction of the starch factory, and the ground of the objection is, that it assumes that the flow from the sewer affected the atmosphere at his brewery. As we understand the evidence, that can not be regarded as a contested point. But if it were otherwise, appellee's theory of the case was, that the flow from the sewer affected the atmosphere at the brewery, and that this in turn affected the beer, and rendered it unsalable, and he gave evidence to sustain this theory. The question put was simply in the line of that theory. It was not conclusive,—it was open to proof that other causes, and what cause, affected the sale of the beer, and that this

theory of the case was incorrect. We think it improbable that the question did, in any degree, prejudice appellant by improperly influencing the jury against him. Indeed, we see no valid objection, even technically, to the question.

The next objection to which our attention is invited is, that it is omitted to inform the jury, in the instructions given at the instance of appellee, that they must believe the propositions therein laid down from a preponderance of the evidence. It seems to us that the instructions as given, without any qualifications, are more favorable for appellant than they would be when qualified as he insists. But whether this be so or not, they were qualified precisely as he asked they should be, and as he now contends is the law. The third and fourth instructions, given at the instance of appellant, cover this ground fully, and nothing more could have been needed. They, in substance, tell the jury that as to each and every alleged ground of action it is incumbent upon appellee to make proof by a clear preponderance of evidence.

An objection is urged that the first of appellee's instructions, in relation to the measure of recovery, allows the jury to assess damages for "such amount as they might find under the evidence," instead of limiting them to such an amount as would compensate for the injury sustained. This is hardly a fair construction of the language of the instruction. The *gist* of that instruction is, that if appellant injured appellee by befouling the air, polluting the water, etc., he is liable for that injury, whether he knew that it was being done or not, and was apparently drawn to anticipate an idea that the jury might otherwise draw that in order to a recovery it should appear that the act was knowingly and intentionally done. Besides, a juryman could only reasonably understand from its language that there should be a recovery for and to the extent of the loss sustained by the wrongful act.

Some other objections, of a trivial character, were urged, which we do not deem it important to notice.

We perceive no substantial error of law in the record, and the questions of fact are settled by the judgment of the Appellate Court.

The judgment is affirmed.

*Judgment affirmed.*