THE DECATUR CEREAL MILL COMPANY

*v.*

EDWARD J. GOGERTY.

*Opinion filed June 17, 1899.*

180   197
94a ³ 48
180   197
193   ¹211

1. INSTRUCTIONS—*rule as to preponderance need not be used to qualify each instruction.* The jury having been clearly instructed that a preponderance of the evidence is essential to recovery, it is not necessary that such qualification be added to an instruction that the plaintiff may set out his cause of action in a variety of ways and recover if the proof sustains one or more counts.

2. SAME—*appellant cannot complain of errors in his own favor.*  The appellant cannot complain of the trial court's modification of his instruction, where the instruction, both before and after modification, should have been refused as having no basis in the evidence.

3. EVIDENCE—*what does not show that an injured servant was a vice-principal.*  Evidence that a clerk and book-keeper in a grain elevator was taken from his desk by the superintendent and put in charge of handling grain in the superintendent's place for a day does not show that he was a superintendent or vice-principal of the elevator company, so as to authorize an instruction assuming the existence of such relation with reference to his right to recover for injuries received.

*Decatur Cereal Mill Co. v. Gogerty,* 80 Ill. App. 632, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This was an action brought by Edward J. Gogerty, against the Decatur Cereal Mill Company, to recover damages for the loss of an arm while in the service of the defendant, in moving a car in its grain elevator by means of an iron drum and rope provided for that purpose. It is charged in the second count of the declaration that appellant suffered and permitted a rope used in conjunction with a car-puller in its grain transfer elevator to become broken and knotted, with loose strands attached thereto; that the car-puller and rope were used by defendant in moving and setting railroad cars; that one Turner, under his authority as superintendent, directed plaintiff to take charge of and look after the conduct of the business in the elevator and do whatever was necessary in relation thereto; that while the rope was in such condition it became and was necessary in the conducting of said business, in pursuance of the order and direction of said general superintendent, for plaintiff to attempt to operate said drum and rope in moving and setting cars, and as a result of such rope becoming knotted and containing loose strands he was caught by the rope and his left arm dragged and pulled in under the rope and on the drum and mashed.

It appears that the car-puller mentioned is a device used to pull cars by means of a rope attachment hitched to cars and operated with the assistance of a drum or spool, around which the rope winds and unwinds, the power being applied by overhead shafting and belts. The plaintiff was employed in the mill as clerk and bookkeeper. Turner was the general superintendent. He had control of all the men, and sometimes assisted in loading and unloading cars, and also operated the car-puller

when there was a scarcity of men in the elevator.  For two or three days previous to the accident there had been a great rush of business at the elevator in the transfer of grain.  Turner, the superintendent, worked the night prior to the accident and then went home to rest.  He left plaintiff in charge, and instructed him to do everything just as he would himself.  During the day plaintiff undertook to operate the car-puller, when the knots and loose ends of the rope obstructed, in some way, its proper operation on the drum and plaintiff's arm was caught and crushed so that amputation became necessary.

On a trial in the circuit court the plaintiff recovered a judgment for the damages sustained, which judgment, on appeal, was affirmed in the Appellate Court.

JOHNS & HOUSAM, (JOHN A. POST, and O. W. DYNES, of counsel,) for appellant.

MILLS BROS., and HUGH CREA, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

In the oral argument two grounds were urged for the reversal of the judgment of the Appellate Court:  First, that the circuit court erred in giving appellee's instruction No. 2; and second, that the circuit court erred in modifying appellant's instruction No. 12, and in giving such instruction, as modified, to the jury.

The objection made to the second instruction is, that it omits the element of a preponderance of the evidence.  Upon an examination of the instruction it will be found that it simply informs the jury that the plaintiff has the right to set out his cause of action in a variety of ways in the different counts of his declaration, and that he may recover if he has sustained by proof any one or more of the counts.  The instruction does not attempt to lay down a rule in regard to the amount of proof required, but it is silent on that question, and upon this ground it

might be sustained. But the first instruction given for the plaintiff fully covered that question, as follows: "The court instructs the jury that if the plaintiff has established, by a preponderance of the evidence, the facts as set forth in either count of the declaration he is entitled to a verdict in his favor." The court having clearly informed the jury in this instruction that a preponderance of the evidence was essential to a recovery, it was not necessary to repeat the law on that subject in subsequent instructions. *Cunningham* v. *Stein*, 109 Ill. 375.

The twelfth instruction asked on behalf of appellant, and which was modified, is as follows, the modification being printed in italics:

"If the evidence in this case shows that the plaintiff was, at the time of his injury, acting in the capacity of a superintendent of the elevator of the defendant, and that he voluntarily undertook to manage and control the car-puller described in the declaration *with the knowledge of its condition, or could have had such knowledge by the exercise of ordinary care,* then he took the risk, whatever it might be, of the use of the same, and was bound to use all reasonable care and caution for his own safety in its use, and if he was injured because of any lack of reasonable caution upon his own part, he cannot recover in this case."

The testimony discloses the fact that appellee was employed in the mill and elevator as clerk and book-keeper. It was not his duty to run or assist in running the car-puller. For some time before the accident, owing to a press of business, it had become necessary to work in the elevator at night. Turner, the superintendent, and some other employees, had worked during the night before the accident. On the morning of the accident Turner directed appellee to take charge of the elevator that day so that he could go home and rest. It does not appear that appellee was entrusted with authority to employ or discharge men in the elevator, nor does it appear that he was clothed with power to make contracts in reference

to the business of the appellant. He was merely left in charge of the work in and about the elevator, by the superintendent, during the day. Under such circumstances it cannot be said that appellee was, on the day of the accident, a general superintendent of appellant's elevator and mill, or a vice-principal, but, on the other hand, was a book-keeper, as he had been before, with temporary authority to look after the work in the mill and elevator while the superintendent was absent during the day. There being, therefore, an insufficiency of evidence to prove that appellee was superintendent of appellant on the day of the accident there was not sufficient evidence upon which the instruction could be predicated, and it should have been refused by the court. The instruction, in the form in which the court was asked to give it, in plain terms directed the jury that if appellee was acting in the capacity of a superintendent of the elevator and voluntarily undertook to manage and control the car-puller then he took the risk. The mere fact that appellee was taken from his desk by the superintendent of the elevator and directed to take charge of handling grain in the elevator for a day did not transform him into a superintendent, nor clothe him with the power of a superintendent, nor did such fact constitute appellee a vice-principal of appellant. It was not proven that Turner had authority to appoint a superintendent for appellant, and in the absence of such power his appointment was a nullity. As the instruction was erroneous and should have been refused, the modification, although wrong, constitutes no ground for reversing the judgment.

In appellant's brief the ruling of the court on other instructions has been criticised, but after a careful examination of the questions raised we find no substantial error of the court, but, on the other hand, the law involved in the case was fairly given to the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*