## Lucinda Arkley, Administratrix, Appellee, v. William C. Niblack, Receiver, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

### Statement of the Case.

Action on the case brought by Lucinda Arkley, administratrix of the estate of John R. Arkley, deceased, against William C. Niblack, receiver of the Dering Coal Company, to recover damages under the Mines and Miners' Act for the death of John R. Arkley, caused by a portion of the roof of a room falling on him while he was at work as a coal miner. From a judgment rendered on a verdict in favor of the plaintiff for $5,000, the defendant appeals.

About 1:30 on the morning of May 23rd the mine examiner made an examination of the working place of deceased and found a loose rock, on which he placed a danger mark. When the deceased and his helper Moody, went to work on the morning of the 23rd, the assistant mine manager, who was the day inspector, told them about the loose rock and instructed them to fix it. They tried to get it down and removed part of it, including the part with the examiner's danger chalk

mark on it. They then went on with their work of mining. Moody testified that he tried to prop the loose rock but that six feet props were required and those in the vicinity were all seven feet long. The mine examiner testified that in the early morning of the 24th he again examined the roof of the working place, marked the date of the examination, but made no danger mark, as he at that time found the place safe. When Arkley and Moody went to work on that morning the rock with the dates May 23rd and May 24th had fallen. The deceased tested the roof of the room with a pick and found a loose rock over the roadway, but he and his helper went to work loading coal. About 10:30 the assistant mine manager visited the room and was told by Arkley and Moody about the loose rock, sounded it, told them it was unsafe and put a crossmark on it; and testified that he told them to take the rock down. Moody testified that he told them to watch it. The deceased and Moody continued at work loading coal until near noon, when a side rock, which projected under and supported the loose rock, fell and killed Arkley.

The evidence as to the failure of the appellant to furnish props on request of the deceased and his associate is in direct conflict. There is no manifest preponderance either way.

The court refused to give instructions requested by the appellant, to the effect that if the jury believe that when the mine examiner examined the roof, the side rock, which fell, was solid, and in the judgment of the examiner there were no dangerous conditions, and the rock in the roof was known by deceased to be loose, and before the accident the day inspector marked the loose rock with a cross and told deceased to take it down, and thereafter the deceased continued at work without taking it down or propping it, then they should find the defendant not guilty.

H. M. Steely and Charles Troup, for appellant; Mastin & Sherlock, of counsel.

L. A. Cranston, for appellee; Thomas A. Graham, of counsel.

Mr. Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. Mines and minerals, § 176*—*sufficiency of evidence in action for death of miner.* The evidence in an action for the death of a miner *held* sufficient to sustain a verdict for the plaintiff on the ground of the employer's failure to provide suitable props to make a mine roof safe.

2. Mines and minerals, § 125*—*when contributory negligence no defense to action under Miners' Act.* Contributory negligence is no defense to an action against an employer for injuries sustained by a miner as the result of the former's violation of the Miners' Act.

3. Mines and minerals, § 126*—*when want of care no defense to action under Miners' Act.* Want of care on the part of a miner is not a defense to an action for injuries sustained as the result of an employer's violation of the Miners' Act, where the accident would not have occurred had there been a compliance with the act.

4. Mines and minerals, § 131*—*when notice of defect no defense under Miners' Act.* The fact that a miner had actual notice of a dangerous condition in a mine does not relieve an employer from liability for an injury which would not have occurred had the Miners' Act been observed.

5. Mines and minerals, § 151*—*when proximate cause of death of miner question for jury.* Whether the failure to properly mark and report a dangerous condition in a mine roof was the proximate cause of the death of a miner is a question for the jury, notwithstanding he may have had actual knowledge of the condition before he began work without first propping the roof. .

6. Mines and minerals, § 181*—*when proximate cause of death of miner question for jury.* The question whether the failure of an employer to prop the roof of a mine room was the proximate cause of the death of a miner, *held* a question for the jury.

7. Mines and minerals, § 194*—*instructions in action for death of miner.* An instruction requested by the defendant in an action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for the death of a miner from the fall of an unpropped roof, *held* properly refused, although the deceased had actual knowledge of the dangerous condition.

8. MINES AND MINERALS, § 191*—*good faith of examiner as defense to action for death of miner.* The good faith of a mine examiner in declaring a place in a mine to be safe is no defense to an action for the death of a miner due to the failure to mark a place dangerous, which was in fact unsafe.

9. DEATH, § 67*—*measure of damages for death of miner.* A verdict for $5,000 *held* not excessive for the death of a miner fifty-six years of age, in good health, who earned from $4 to $4.50 per day.

SCHOLFIELD, J., took no part in the consideration of this case.