GEORGE RANDALL, Admr., Appellant, *vs.* THE CRESCENT
COAL COMPANY, Appellee.

*Opinion filed October 23, 1917—Rehearing denied Dec. 5, 1917.*

1. MINES—*when violation of Mining act is not proximate cause
of miner's death.* Where, in violation of paragraph (*a*) of sec-
tion 20 of the Mining act, a miner is directed to enter a mine to
rescue certain men after an explosion had stopped the ventilation
but is ordered out again, by telephone, in plenty of time for his
own safety, the violation of the statute is not the proximate cause
of the miner's death, where the latter disobeyed the order to come
out and was asphyxiated upon going further into the mine in quest
of other miners.

2. SAME—*evidence must show that violation of statute was the
proximate cause of injury.* Contributory negligence is no defense
to an action for an injury to a miner due to the employer's willful
violation of the Mining act, and under some circumstances a vio-
lation by a miner of an order of his employer might not amount
to more than contributory negligence, but where a declaration al-
leges that the injury was due to the violation of the statute the
allegation is material and the evidence must show that such vio-
lation was the proximate cause of the injury.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit Court
of Peoria county; the Hon. JOHN M. NIEHAUS, Judge,
presiding.

SUCHER & MOORE, and J. L. MURPHY, for appellant.

FRANK J. QUINN, and JOSEPH A. WEIL, (JOHN E.
DOUGHERTY, C. V. O'HERN, and JOSEPH F. BARTLEY, of
counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, George Randall, as administrator of the es-
tate of Phillip Krummel, deceased, recovered a judgment
for $5000 in the circuit court of Peoria county against ap-
pellee, the Crescent Coal Company, for causing the death

of appellant's intestate by willfully failing to comply with certain provisions of the Mines and Miners act. Appellee had elected not to come under the Workmen's Compensation act, and this action is based on a violation of the provisions of sections 20 and 23 of the Mines and Miners act. Paragraph (*d*) of section 23 of said act makes it the duty of every mine operator to post at a conspicuous point at the entrance to the mine, plainly printed rules which shall govern all persons working in the mine. Paragraph (*a*) of section 20 makes it the duty of the mine manager to keep careful watch over the ventilating apparatus and air currents in the mine, and in case of accident to the fan or machinery, by which the air currents are stopped or obstructed, to at once order the withdrawal of the men from the mine and to prohibit their return until the required ventilation has been re-established. The cause went to trial on four counts of the declaration, three of which charged, in substance, that the deceased, Phillip Krummel, was at the time of his death an employee of appellee in its said mine and in the line of his duty; that his death was caused by reason of the defendant's willful failure to comply with the terms of the Mines and Miners act aforesaid, as set forth in paragraph (*a*) of section 20; that on January 15, 1913, an accident or explosion occurred in appellee's mine which stopped the operation of the ventilating apparatus, whereby proper ventilation was arrested and of which the mine manager had notice; that appellee, through its mine manager, wrongfully and willfully failed to at once order the withdrawal of the men from the mine, including Krummel, and to prohibit their return and entrance into the mine until the required ventilation had been re-established; that Krummel was by appellee unlawfully and wrongfully and willfully required to re-enter the mine, and the underground workings thereof, while the ventilating apparatus was still out of operation and the air currents in the mine stopped, and that by reason of such willful violation of the statute

Krummel became exposed to foul air and became asphyxiated and then and there died of such asphyxiation. The remaining count by appropriate averments charged that the death of Krummel was occasioned because of appellee's willful failure to post at some conspicuous point at the entrance of the mine, printed rules for the government of all persons working in the mine, as provided by said act. Appellee pleaded to all the counts of the declaration. On appeal to the Appellate Court for the Second District the judgment of the circuit court was reversed, with a finding of fact by the Appellate Court that the deceased lost his life because of his willful disobedience of an express, reasonable and proper order of appellee. The cause comes to this court on appeal by reason of a certificate of importance issued by the Appellate Court.

The facts in the case disclose that appellee's mine is operated by means of underground workings and two vertical shafts,—the main shaft and the air or escapement shaft. The workings underground extended at their farthest point about 3000 feet from the main shaft or entrance, where the men were usually taken in and out of the mine. The air shaft was northwesterly of the main shaft almost a mile. Main entries were driven westerly from the main shaft and also from the air shaft. The two entries were parallel and about one-third of a mile apart. These main entries were connected by two entries running north and south, the first west of the shafts being known as the second north or second south, the designation being fixed by the direction in which the entry was traveled, while the next entry was designated as the fourth north or fourth south in the same manner. The shafts were about 200 feet in depth. There was a point or place in the mine about 1500 feet west of the main shaft in the main entry known as the "first parting," at which point there was a telephone. The fourth north turned north off the main west entry about 400 feet west of the parting. Krummel's body was found at room

No. 18 on the fourth north. An explosion had occurred at about the hour of 3:30 in the afternoon, which wrecked the walls of the air shaft somewhat and stopped the fan and shut off the ventilation of the mine. About two hundred and thirty-five men worked at appellee's mine, and with the exception of two shot-firers,—Ed Jones and William Benn,—were on their way out of the mine on the main entry leading to the hoisting shaft. The mine on that day was in charge of Rudolph Koeppel, assistant mine manager, who was at the parting when the explosion occurred northwest of him. He noticed that there was considerable disturbance in the air about him, caused by the air being driven by the explosion down the entry towards the main shaft, but it does not appear that he heard the explosion. After he and all the men except the two shot-firers went out of the mine, Koeppel took one Cannon back with him into the mine to investigate the cause of the explosion. They went as far as the main parting, and from there to room No. 16 on the fourth entry, and found that the doors were closed and that there was bad air there. They then returned to the parting and out of the mine by way of the escapement shaft, reaching the top about four o'clock. When they arrived at the parting Koeppel told Cannon to telephone that they were going out by way of the escapement shaft, and they marked with chalk on a board sixteen feet long by twelve inches wide, in large letters, "Danger— Stay back." They placed the board straight across the entry. While on their way out by way of the second north, they discovered that there was no air coming in there from the escapement shaft, but they succeeded in getting out of the mine by means of the stairway in the escapement shaft. It appears that while Koeppel and Cannon were in the mine one Case, a stockholder in the mine, had learned of the explosion and that Cannon and Koeppel were in the mine. He telephoned to the telephone man at the mine, Charles W. Search, to go to the air shaft and see if an electrician

was needed, the fan being run by electricity.    Search informed Case that the fan was stopped and that an electrician was needed.    Case then sent Krummel, the deceased, a message to re-enter the mine and bring back Koeppel and Cannon.    Krummel, in obedience to the request, took with him a man by the name of Reed and entered the mine at the main entrance and proceeded westerly to the parting. Case having later learned that Koeppel and Cannon had gotten out of the mine by way of the escapement shaft, instructed the telephone man to keep the telephone ringing at the parting until he could get Krummel on the telephone. When Krummel and Reed arrived at the parting Krummel answered the telephone, and Case informed him that Cannon and Koeppel were out of the mine and positively ordered him to come out,—that he could not do any good in there.    Krummel answered him with the words, "All right." These facts are positively established by two witnesses,— Search, who was at the telephone, and Reed, who accompanied Krummel into the mine.    It is further established by the testimony of Reed that while they were at the parting, and after Krummel had been told to come out of the mine by Case, Krummel said he was going on anyway and see if he could not save the two shot-firers, Jones and Benn. They had already found out that the air was bad, and Reed did all he could by way of persuasion to get Krummel to return to the top of the mine, but he positively refused to do so, and said that he understood the mine and that when he had rested and gotten his wind a little better he could go on.    They did go on up the main entry and up the fourth entry as far as room No. 25, about 750 feet from the parting, and on their attempted return Krummel was overcome and fell.    Reed tried to drag him along but was so weak himself that he could not do so.    Reed got as far as the parting when he was also overcome, and was found there unconscious by the rescuing party and taken out of the mine and his life saved.    No one lost his life in the mine by rea-

son of the explosion except the two shot-firers and Krummel, who were taken out of the mine that evening dead, after ventilation had been restored.

Only a question of law is presented .by the record, as the evidence is practically without dispute in any particular. There is some question raised about the sufficiency of the finding of the ultimate facts in the case by the Appellate Court, but we think the finding of facts is sufficiently responsive to the issues, although it would have been much more in form if the finding by the Appellate Court had been direct that the proximate cause of the death of the deceased was not the willful violation of the Mines and Miners act on the part of appellee, as charged in the declaration. The finding of the Appellate Court was that the proximate cause of Krummel's death was the willful violation of an express, reasonable and proper order of appellee, which order the record discloses was the order to come out of the mine and not to expose himself to any further danger. Even if the finding of fact be informal it is immaterial in this case, as there could have been no other finding, on the record, as to the question how Krummel lost his life. The facts are undisputed. It is true that Krummel would not have lost his life if an explosion had not occurred and bad air had not gotten into the mine; that he would not have lost his life, in all probability, if he had not been directed by Case to return into the mine. But it is also true, and there cannot be any other reasonable conclusion, that Krummel would not have lost his life if he had obeyed the order and direction of Case to come out of the mine. The rescuing party went after Reed and Krummel before ventilation was restored and all returned safely, even Reed. So the real question in the case is, what was the proximate cause of Krummel's death? Or, stated more directly, was the willful violation of the statute, as aforesaid, the proximate cause of his death? To determine that the willful violation by Krummel of the order to return out of the

mine and not to take further risk was the proximate cause
of his death amounts to a determination that the willful
violation of the statute by the mine manager was not the
proximate cause of Krummel's death.    The two findings,
that the proximate cause of Krummel's death was the will-
ful violation of Case's order and that the willful violation
of the statute by the mine manager was not the proximate
cause of his death, are entirely in harmony.    Under the
facts in the case a finding by either of the lower courts
that the proximate cause of the death of Krummel was the
willful violation of the statute, as aforesaid, would not be
supported by the evidence.    The specific charge in the dec-
laration is that his death was caused by appellee's willful
failure to at once order the withdrawal of the men from
the mine and to prohibit their re-entrance until ventilation
had been re-established.    The mine manager did at once
withdraw the men.    Case, a stockholder, requested and per-
mitted Krummel's return, but had Krummel obeyed the
order to come out of the mine he would not have lost his
life.    Up to the time he reached the parting Krummel had
not reached the point from which he could not safely re-
turn.    There he received his order to return, and signified
by his answer to such order that he would at once return.
What more could the mine manager, or anyone else, have
done to induce him to return?

We think appellee, with reference to Krummel, was in
the same position it was as to the other miners at the time
the explosion occurred.    They were at first, by the direction
of the assistant mine manager and in company with him,
taken out of the mine at once after the explosion occurred.
Had any of the men at that time, while on their way out,
been overcome by the foul air caused by the explosion,
there certainly could be no ground for the claim that ap-
pellee would be liable for the death of any of them by rea-
son of its failure to at once withdraw the men and not
permit their return.    Although Krummel and Reed were

permitted to return, they were directed in plenty of time to get out of the mine and not take any further risk, and having answered, in substance, that they would do so, appellee was in the same position as to them as it was to all the other men who had previously gotten out. In such a case it cannot be said that the permission to re-enter the mine was the proximate cause of Krummel's death. Another cause intervened to cut the causal connection between Krummel's death and the order of Case to re-enter the mine, to-wit, the determination of Krummel to violate the order to return and to expose himself to the actual danger from which he was directed to flee. But for this act he would not have lost his life. The direct and proximate cause of his death, therefore, was his own deliberate act and not the act of appellee complained of in the declaration. Had Krummel received no order to come out of the mine appellee would undoubtedly have been liable for his death. It was incumbent, however, upon appellant to prove his declaration as laid. One of the material allegations in the declaration, and one of the ultimate facts to be proved in the case, was that the direction or order of appellee to re-enter the mine was the proximate cause of Krummel's death. A failure to prove that allegation is necessarily fatal to a recovery in the case. The finding of the Appellate Court, in substance, that the willful violation of the statute in question was not the proximate cause of Krummel's death would be binding upon this court on conflicting evidence. Whether there is evidence to support the finding is a question of law, and the evidence is all in favor of the finding of the Appellate Court.

The other charge in the declaration with reference to posting rules at the mines was not sustained, as it clearly appears from all the evidence that if appellee violated the statute in that particular such violation was not the cause of Krummel's death and had no influence upon his action whatever.

It is argued by appellant's counsel that by permitting the deceased to re-enter the mine, that fact, and the further fact that two shot-firers were in the mine and were in danger of losing their lives, caused him to become excited and unbalanced in mind and that he was not responsible for his acts. It is sufficient to say that there is no evidence in the record to support that theory. The evidence shows that Krummel, in violating the direction of Case to return from the mine, acted deliberately and understandingly, and that he appreciated the danger very distinctly in his undertaking to find the shot-firers. While his actions and good intentions were highly commendable as an heroic effort to save the lives of his companions, nevertheless his death is one for which there can be no recovery in this case. As we view the matter, his act bars his recovery as completely and as effectually as if he had deliberately suicided at the parting by the use of a deadly weapon directly after the reception by him of the order to leave the mine. His death is very unfortunate, and, however much to be regretted, it is simply a death for which appellee is not responsible in damages.

Contributory negligence of an employee in a coal mine is no defense for an injury received by him by reason of his employer's willful violation of the Mining statute. Under some circumstances a violation of an order of his employer by an employee might not amount to more than contributory negligence. In this case the positive charge is that the deceased lost his life by the willful act of appellee in permitting him to re-enter the mine and to encounter the dangers therein. When the order was given by Case to the deceased to come out of the mine he was not in danger of losing his life if he obeyed the order. While he was disobeying the order it was not by permission or sufferance of appellee but was against its positive direction. The further entry into the mine by the deceased after the order, being positively against the order of appellee, cannot in any

sense be said to be by reason of a willful violation of the statute by appellee, when, as a matter of fact, appellee was doing all that it could do at that time to keep him away from the danger which caused his death. Appellee was therefore not guilty of the willful violation of the statute charged in the declaration,—*i. e.,* such a willful violation as constituted the proximate cause of the death of Krummel.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*